*423 OPINION.
Trammell :
The petitioner contends that it is entitled to a deduction in 1920 as a business expense incurred in that year the amount of $12,212.40 paid by it to. Doty in 1921 in connection with the settlement of the controversy between them. The respondent contends that the amount constituted a capital expenditure and, even if an expeiise, was not accruable until 1921. We will first consider the question as to whether the amount constituted a business expense or a capital expenditure.
*424 For the payment of the $12,212.40 the petitioner acquired (1) the promise of Doty to discontinue the use of the word “ Lifetime ” on aluminum cooking utensils, (2) all literature and advertising material that Doty had containing the word “ Lifetime,” as well as certain electrotypes and dies, (3) Doty’s entire stock on hand, as well as in transit, of aluminum cooking utensils bearing the trade-mark “ Lifetime,” and (4) all the aluminum cooking utensils imprinted with the word “ Lifetime ” manufactured or in the process of manufacture by the Aluminum Goods Manufacturing Company under orders from Doty.
Doty was selling, through a canvassing organization, aluminum ware bearing the trade-mark of “ Lifetime.” The petitioner had registered in the United States Patent Office the trade-mark “ Lifetime ” and was selling, through retail dealers, aluminum ware manufactured by it and bearing the trade-mark “Lifetime.” As the retail1 dealers did not have any canvassing organization expenses, they were able to sell the petitioner’s products cheaper than they were being sold by Doty through his organization. This brought the interests of the petitioner and Doty in direct conflict. Doty claimed prior use of the trade-mark “Lifetime,” insisting that he had been using it prior to the time the petitioner began its use. He also threatened to institute legal proceedings against the petitioner. Doty’s contention as to prior use was not without basis and the petitioner’s attorneys were so impressed with the claim that it was decided in a conference between them and the petitioner’s stockholders to dispose of the matter by settlement, as was done.
By obtaining the promise of Doty to discontinue the use of the word “ Lifetime ” on aluminum cooking utensils the petitioner acquired the right to the unmolested use, so far as Doty was concerned, of the trade-mark “ Lifetime ” on the aluminum ware manufactured by it. Doty, by abandoning the use of this trade-mark, would no longer be in a position to claim any rights under it, and as for the sale of goods bearing the trade-mark the field was left entirely to the petitioner. Doty was permanently eliminated from the field so far as the use of the trade-mark “ Lifetime ” was involved. These constituted rights of a substantial value, the benefits from which would be available to the petitioner not only throughout the remaining 20-ycar period for which the trade-mark was registered, but to any renewal thereof. The acquisition of these rights by the petitioner constituted the perfection of its right to the free use of the trade-mark without interference of any kind from Doty.
With respect to the aluminum ware that Doty had on hand and that in transit, the language used by the parties in the agreement *425 indicates that the petitioner was purchasing such merchandise from Doty. Payment for this merchandise and that manufactured or under manufacture by the Aluminum Goods Manufacturing Company on orders from Doty was to be made on the basis of that company’s selling or billing prices to Doty. With respect to the aluminum ware manufactured or in the process of manufacture by the Aluminum Goods Manufacturing Company on orders from Doty, the petitioner appears to have stepped into Doty’s shoes so to speak, and so far as the record shows, with the acquiescence of the Aluminum Goods Manufacturing Company. The record does not show when the aluminum ware acquired in connection with the settlement with Doty was actually received by the petitioner or when disposed of by it. There is nothing in the record to indicate that any of it was received or disposed of by the petitioner during the year 1920.
We are of the opinion that, with the possible exception of the literature and advertising matter containing the word “ Lifetime ” and the electrotypes and dies, the petitioner acquired valuable rights as well as merchandise in return for the expenditure of the $12,212.40. No attempt was made by the petitioner to show what part of the amount involved represented payment for the advertising matter and the electrotypes and dies. In fact, no attempt was made by the petitioner to allocate the $12,212.40 to the various items of property acquired.
Inasmuch as the $12,212.40 was expended by the petitioner in the acquisition of assets, the unmolested use of its trade-mark, the perfection of its rights therein and the elimination of competition, the amount constituted an expenditure of a capital nature and as such was not an allowable deduction for 1920. Cf. Market Supply Co., 3 B. T. A. 841; Christensen Machine Co., 18 B. T. A. 256; News Leader Co., 18 B. T. A. 1212.
Since the amount in controversy constituted an expenditure of a capital nature, we are not concerned as to when it might have been accrued if it were an expense deduction.

Judgment will he entered for the respondent.